## AMERICAN NAT. INS. CO. v. OWENS et al.

### No. 5033.

Court of Civil Appeals of Texas. Amarillo.
May 29, 1939.

Rehearing Denied June 12, 1939.

Crenshaw & Dupree, of Lubbock, for appellant.

Robt. A. Sowder, of Lubbock, for appellees.

FOLLEY, Justice.

This suit was filed by the appellees, M. O. Owens and wife, Lona Owens, against the appellant, American National Insurance Company, to recover the sum of $240.68 alleged to have been due the appellees in connection with a loan made to them by the appellant on May 1, 1930 in the sum of $45,000. From a judgment for the appellees in the sum of $253.95, and costs of suit, the appellant has brought this appeal.

The material facts of this case are uncontroverted. The complaint of the appellant merely involves the question of the application of the payments upon the above loan. On the date aforesaid the appellees executed and delivered to the appellant their note in the sum of $45,000, bearing interest from date at eight per cent per annum, principal and interest payable to the appellant in 144 monthly installments of $501.75 each, the first installment to become due on July 1, 1930, and one installment to become due on the first day of each succeeding month until all of such indebtedness was paid.

On April 1, 1936 the appellees executed and delivered to the appellant a renewal note in the sum of $29,400. Such renewal note bore interest at the rate of six per cent per annum, the principal and interest payable in monthly installments of $326.34. In addition to the renewal note the appellees paid to the appellant the sum of $11.31 in cash, making the total of $29,411.31 as the amount of the loan then alleged to have been unpaid.

From May 1, 1930 to April 1, 1936 the appellees paid to the appellant the sum of $34,352.64, of which sum $15,809.26 was allocated to the principal of the original loan and $18,543.38 was allocated to the interest thereon. In June, 1937 the Great Southern Life Insurance Company, at the request of the appellees in an application for a new loan, took up the remaining unpaid principal by paying the amount then due to the appellant plus a two per cent bonus for the privilege of prepayment of the loan.

In August, 1937 a controversy arose between the appellees and the appellant as to the rate of interest charged upon the original loan, whereupon it was admitted by the appellant that slightly more than eight per cent had been charged on the loan. The appellant claimed that through error on its part the original interest had been figured at 8.69 per cent per annum instead of the eight per cent stipulated in the contract. Thereupon the appellant refunded to the appellees the sum of $1,728.08, of which amount the sum of $1,256.82 represented the interest actually

overcharged and overpaid and the balance of such sum represented the interest on such excess interest, plus a refund of two per cent, the proportionate amount of bonus on this item paid by the Great Southern Life Insurance Company for the privilege of prepaying the loan.

It is uncontroverted that at the time the renewal note was executed on April 1, 1936 the appellees were supposed to have made seventy payments on the loan, but that only sixty-nine such payments had been made. The appellees made no payment on July 1, 1933 and thereafter the payments on the loan were one month in arrears, that is, each payment received was applied to the installment due the month preceding. The payment due March 1, 1935 was $100 short and the payment due July 1, 1935 was $50 short, neither of which sums were ever paid prior to the renewal. On April 1, 1936, the date of the renewal note, the appellees were still one month behind in the payment of the installments. Therefore, the payment made on such date was credited to the installment due March 1, 1936, which, the appellant contends, was justifiable and which left the interest for March, 1936 unpaid.

Before the loan was renewed the sum of $15,809.29 theretofore paid upon the principal left a balance of principal unpaid in the sum of $29,190.74. In renewing the loan the appellant added to this amount the sum of $207.90, representing interest, though in an incorrect amount, on the loan for the month of March, 1936, which interest was due and unpaid by reason of the installments being one month late. In addition to this interest for March, 1936 the appellant also added the sum of $12.67, representing interest on the $100 unpaid principal due March 1, 1935 and the interest on the $50 unpaid principal due July 1, 1935. By adding the three sums of $29,190.74, $207.90 and $12.67 the total was arrived at in the sum of $29,411.31, which was absolved by the renewal note in the sum of $29,400 and the cash payment of $11.31.

It is admitted in this court by the appellant that the above interest for March, 1936 in the sum of $207.90, which was added to the $29,190.74, was $13.30 in excess of the eight per cent agreed upon. The appellant contends that this amount is all that could be due the appellees under any circumstances. By adding to such amount two per cent thereof we are in accord with the appellant's contention in this respect. The appellee, M. O. Owens, admitted in his testimony that he was one month behind in all his payments after July, 1933, which would necessarily confirm the appellant's contention that the payment for April 1, 1936 should have been credited to the payment due March 1, 1936. Moreover, he did not attempt to dispute the appellant's assertion or the testimony that such interest was never paid in any other manner than by adding the same to the unpaid principal in the renewal note of April 1, 1936. He further testified that if the interest for such month had not been paid he was then unwilling to pay it. The excuse he makes in this court for such position is based upon the contention that the settlement of the controversy in regard to the overpayment or overcharge of interest evidenced by the refund above mentioned was a settlement of the above interest items which were added to the $29,190.74 in the renewal note. With such contention we are not in agreement. The only matter in controversy between the parties at the time the settlement was made in regard to the interest was the amount of interest in excess of the eight per cent allowed under the contract. The interest on the $29,190.74 at eight per cent per annum for the month of March, 1936 was $194.60. This sum was not in controversy at any time because it was legitimate and permissible interest under the terms of the contract. Neither was the further sum of $12.67 in controversy at the time the settlement was made. The latter sum represented interest on past due and unpaid principal which was figured at eight per cent per annum, although, under the terms of the contract, ten per cent could have been charged. It is apparent, therefore, that there was no accord and satisfaction between the parties with reference to either the $194.60 legitimate interest for March, 1936 or for the $12.67 legitimate interest on the past due principal. It is our opinion that these two items, shown by the undisputed testimony to have been due and unpaid at the time of the renewal of the loan, should have been added to the unpaid principal in the sum of $29,190.74, the amount about which there is no dispute. The appellant having included in the interest of March, 1936 the sum of $13.30 in excess of the eight per cent allowed under the contract, the trial court should have rendered judgment

for the appellees only for this amount plus two per cent of such amount as repayment of the two per cent bonus paid thereon for the privilege of prepaying the loan.

The judgment of the trial court is therefore reformed so that the appellees recover from the appellant the sum of $13.56, with interest thereon at six per cent per annum from April 1, 1936 until paid, and as so reformed the judgment is affirmed.